IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| RIZHAO J&J MANUFACTURING CO., LTD., <br><br> Petitioner, <br><br> v. <br><br> NEW ENGLAND OUTDOOR & RECREATIONAL PRODUCTS, INC. <br><br> Respondent. | Case No._____ <br><br> (ORAL ARGUMENT NOT REQUESTED) <br><br><br> DECEMBER 18, 2019 |

**PETITION FOR CONFIRMATION, RECOGNITION,
AND ENFORCEMENT OF FOREIGN ARBITRAL AWARD**
_____

Petitioner RIZHAO J&J MANUFACTURING CO., LTD, by and through undersigned counsel, and pursuant to Chapter 2 of the Federal Arbitration Act (the "Act") at 9 U.S.C. section 201, *et seq.*, and the 1958 Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517 (the "New York Convention"), hereby submits its Petition for Confirmation, Recognition, and Enforcement of Foreign Arbitral Award against Respondent NEW ENGLAND OUTDOOR & RECREATIONAL PRODUCTS, INC. ("NEORP").  This petition is supported by the exhibits attached hereto, the declaration of Zhang Yan ("Jenny Zhang"), and the memorandum of points and authorities filed herewith.  As and for its petition, the Petitioner respectfully states as follows:

1.      This is a Petition to confirm an arbitration award under the New York Convention.  Pursuant to the New York Convention, Rizhao J&J Manufacturing Co., Ltd. ("Rizhao") seeks to confirm and enforce the Qingdao Arbitration Commission's arbitral award

1

against NEORP in the amount of $1,136,665.26, plus interest at the rate of $335.69 per diem, issued on May 31, 2019.

2. Under the Act, an application to confirm an arbitral award "shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided." 9 U.S.C. §6. A petition to confirm an arbitral award is meant to be a summary proceeding. Accordingly, Rizhao respectfully requests that the Court treat this petition as a motion and docket this petition for submission and ruling as soon as possible pursuant to the Local Rules of Civil Procedure for this District.

## PARTIES

3. Petitioner Rizhao is a corporation organized under the laws of the People's Republic of China with its registered business address at 19A Huanhai Gongyu, No. 22 Yan-er-Dao Rd, Qingdao, People's Republic of China. *See*, Declaration of Zhang Yan, attached hereto as Exhibit A, at ¶4.

4. Respondent New England Outdoor & Recreational Products, L.L.C., is a Connecticut limited liability company with its principal place of business located at 95 Johnson Street, Waterbury, CT, 06710, USA. *See*, Connecticut Business Record for NEORP at Exhibit E, attached hereto.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over this proceeding pursuant to 28 U.S.C. section 1331 because this proceeding is brought pursuant to the New York Convention and the Act, which expressly confers federal-question jurisdiction on this Court.

6. This Court has personal jurisdiction over NEORP because NEORP is a citizen of the district in which this Court sits.

7.  Venue is proper in this district pursuant to 28 U.S.C. sections 1391(b)(1) and (b)(2), and (c)(2).

## BACKGROUND

8.  On January 20, 2010, Rizhao and NEORP entered into a Distribution Agreement. *See,* Distribution Agreement at Exhibit B, attached hereto; *and see* Exhibit A, at ¶6.

9.  Pursuant to the Distribution Agreement, Rizhao was to supply certain products to NEORP for resale in North America. *See*, Exhibit B, at Article 3.

10. Paragraph 11.4 of the Distribution Agreement states:

*All disputes arising from or in connection with this Agreement shall if possible be settled amicably through friendly negotiation. In case no settlement can be reached, either party may requires* [sic] *the Qingdao Arbitration Commission to settle the disputes in accordance with its currently valid arbitral rules. The arbitration shall take place in Qingdao, and the language to be used in the arbitral proceedings shall be English.*

*Id.* at p.10.

11. In late 2013, a dispute arose between Rizhao and NEORP regarding the interpretation and performance of the Distribution Agreement. *See*, Exhibit A at ¶9.

12. In particular, between August 22, 2013, and November 21, 2013, Rizhao issued 28 commercial invoices to NEORP totaling $1,278,496.82 for goods Rizhao delivered to NEORP pursuant to the Distribution Agreement. *Id*. at ¶10.

13. NEORP refused to pay on the basis that customers that had purchased goods from NEORP (goods that had been delivered to NEORP by Rizhao) complained of quality issues with the goods and had rejected some of the goods. NEORP, however, never rejected or returned

non-conforming goods to Rizhao as required by paragraph 8.1 of the Distribution Agreement for any refunds to be credited to NEORP.  *Id*. at ¶¶11-12.

14. On December 23, 2013, January 6, 2014, and January 7, 2014, Rizhao's director, Zhang Yan, emailed Brian Goldwitz of NEORP demanding that NEORP pay the 28 commercial invoices, but NEORP did not respond.  *Id*. at ¶13.

15. On August 7, 2015, Rizhao notified NEORP that it was terminating the Distribution Agreement and demanded payment of the outstanding invoices plus interest within five days.  *Id*. at ¶14.

16. NEORP did not respond to the notice or pay the sums demanded.  *Id. at* ¶15.

17. Pursuant to paragraph 11.4 of the Distribution Agreement, on May 18, 2015, Rizhao submitted its claims for payment of the outstanding invoices to the QAC.  *Id*. at ¶16; *see also*, Arbitration Award, attached hereto as Exhibit C, at p. 1.

18. On September 25, 2015, NEORP submitted a counter-claim against Rizhao to the QAC, alleging Rizhao's failure to share profits per the Distribution Agreement.  *Id.*

19. The QAC accepted Rizhao's claim and NEORP's counter-claim and served notice of acceptance thereof on both parties.  *Id*.

20. After acceptance of the case by the QAC, a panel of three arbitrators was established.  Rizhao nominated one arbitrator, NEORP nominated another, and the presiding arbitrator was selected by the Chairman of the QAC.  *Id*. at pp. 1-2.  Notice of the composition of the panel was served on the parties and the parties proceeded to fully participate in, and arbitrate, their respective claims and counter-claims.  *Id*.

21. The arbitration was conducted pursuant to the Qingdao Arbitration Commission Arbitration Rules and the special provisions for foreign-related arbitration.  *Id*. at p. 1.

22.     The arbitration was heard on May 30, 2016, June 6, 2016, November 10, 2016, January 16, 2017, February 17, 2017, and June 4, 2018.  *Id.* at p. 3.

23.     On May 31, 2019, the Qingdao Arbitration Commission (the "QAC"), entered a final award against NEORP which stated in pertinent part:

> *In summary, the Respondent* [NEORP] *should pay the Claimant* [Rizhao] *RMB2328271.57 yuan, USD755706.47 within 10 days after receipt of this Award, and otherwise, should pay interest at the double rate for any outstanding payment if which is delayed.*
>
> *The Award is final and shall come into force on the date it is rendered.*

*Id*. at p. 74.

24.     On November 14, 2019, Rizhao, through undersigned counsel Mr. Barbour, made demand upon NEORP for payment of the Award.  *See*, Letter from Andrew Barbour, attached hereto as Exhibit D.

25.     To date, NEORP has not paid any portion of the Award, and interest thereon continues to accrue. *See,* Exhibit A, at ¶20.

## APPLICABLE AUTHORITY

26.     The New York Convention provides a uniform mechanism for enforcing "non-domestic" arbitration awards.

27.     An award is not considered a "non-domestic" award if it is "entirely between citizens of the United States. . . ."  *See*, 9, U.S.C. §202.

28.     The Award in this case is "non-domestic," because Rizhao is not a United States citizen, and, therefore, the Award is not "entirely between citizens of the United States" and as such, is governed by the New York Convention.  *See*, 9 U.S.C. §202.

29.     The New York Convention also applies to "enforcement of arbitral awards made in the territory of the State other than the State where the recognition and enforcement is sought."  *Id.,* at Art. I(1); *see also,* 9 U.S.C. §201.

30.     The Award was rendered in the People's Republic of China, a signatory to the New York Convention, but enforcement is being sought in the United States, also a signatory to the New York Convention.  Thus, the New York Convention applies under both 9 U.S.C. §201, and 9 U.S.C. §202.

31.     Per the New York Convention, a petition to confirm a foreign arbitral award may be brought at any time "[w]ithin three years after an arbitral award falling under the Convention is made."  9 U.S.C. §207.

32.     Here, the Award was issued on May 31, 2019, and, therefore, this Petition is timely.

33.     The Court shall confirm the Award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the New York Convention, and the burden of proving the applicability of those grounds rests entirely with the respondent and it "is a heavy one, as the showing required to avoid summary confirmance is high."  9 U.S.C. §207; *see*, *Telenor Mobile Communs. AS v. Storm LLC,* 584 F.3d 396, 405 (2d Cir. 2009) (internal quotations and citations omitted).  "[T]he grounds for relief enumerated in Article V of the [New York Convention] are the only grounds available for setting aside an arbitral award." *Yusuf Ahmed Alghanim & Sons W.L.L. v. Toys "R" Us, Inc*., 126 F.3d 15, 20 (2d Cir. 1997).

34.     The Court is not permitted to address the merits of the dispute submitted to arbitration.  "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case."

*D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (internal quotations and citations omitted).  Thus, "[a]bsent extraordinary circumstances, a confirming court is not to reconsider the arbitrator's findings."  *See*, *Europcar Italia, S.P.A. v. Maiellano Tours*, 156 F.3d 310, 315 (2d Cir. 1998). No such extraordinary circumstances exist here.

35. Confirmation proceedings, therefore, are intended to be summary proceedings and judicial review of an arbitration award is exceedingly limited.  *Zeiler v. Deitsch*, 500 F.3d 157, 169 (2d Cir. 2007).  Confirmation proceedings "are straightforward proceedings in which no other claims are to be adjudicated." *Ottley v. Schwartzberg*, 819 F.2d 373, 377 (2d Cir. 1987). The Court "properly may consider only the statutory bases for modifying or vacating an award and challenges to the award's clarity."  *Id*.  "The courts are not authorized to reconsider the merits of an award even though the parties may allege that the award rests on errors of fact or on misinterpretation of the contract." *United Paperworkers Int'l Union, AFL-CIO v. Miso, Inc*., 484 U.S. 29, 36 (1987).  "When an arbitrator resolves disputes regarding the application of a contract, and no dishonesty is alleged, the arbitrator's improvident, even silly, factfinding does not provide a basis for a reviewing court to refuse to enforce the award." *Major League Baseball Player's Ass'n v. Garvey*, 532 U.S. 504, 509 (2001) (*per curiam*) (internal quotations omitted).

36. Here, none of the grounds for non-recognition apply, and for that reason, and for the reasons set forth above, Rizhao is entitled to this Court's confirmation of the Award and entry of enforceable judgment against NEORP pursuant to the New York Convention and the Act.

WHEREFORE, Rizhao respectfully requests that the Court enter judgment:

A. Confirming the Award in the amount of $1,136,665.26, plus interest at the rate of $335.69 per day from June 11, 2019 until paid in full,

B. Awarding the Petitioner its attorneys' fees,

C. Awarding the Petitioners its costs, and

D. Granting such further and other relief as the Court deems just and proper.

*[signature]*

Alan G. Johnson, Esq.
Dist Court #: CT 28515
CT Juris No. 426427
Law Office of Alan Johnson
1510 De Kalb Avenue, 1R
Brooklyn, NY, 11237
(917) 693-2089
alan@alanjohnsonlaw.com
Attorney for Petitioner

/s/ Andrew H. Barbour, Esq.
Andrew H. Barbour, Esq.
CT Juris No. 428971
AZ Bar No. 030821
Munger, Chadwick & Denker, P.L.C.
333 N. Wilmot Road, Suite 300
Tucson, Arizona 85719
Telephone: 520-721-1900 (ext. 211)
Facsimile: 520-747-1550
Email: ahbarbour@mcdplc.com
*Attorney for Petitioner*
**(Petition for Admission *Pro Hac Vice* Forthcoming)**

## **CERTIFICATE OF SERVICE:**

I hereby certify that on December 18, 2019, a copy of the foregoing PETITION FOR CONFIRMATION, RECOGNITION, AND ENFORCEMENT OF FOREIGN ARBITRAL AWARD was served electronically via email, and served by first class mail and certified mail to the following parties:

> New England Outdoor & Recreational Products, LLC
> 95 Johnson Street
> Waterbury, CT 06710
>
> Tracy Forlini, Statutory Agent
> 13 Wood Street
> West Haven, CT 06516


> Respectfully submitted.
>
> *[signature]*
>
> Alan G. Johnson, Esq.
> Dist Court #: CT 28515
> CT Juris No. 426427
> Law Office of Alan Johnson
> 1510 De Kalb Avenue, 1R
> Brooklyn, NY, 11237
> (917) 693-2089
> alan@alanjohnsonlaw.com
> Attorney for Petitioner