IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| RIZHAO J&J MANUFACTURING CO., LTD.,<br><br>       Petitioner,<br><br>  v.<br><br>NEW ENGLAND OUTDOOR & RECREATIONAL PRODUCTS, INC.<br><br>       Respondent. | Civil Action No. 3:19-cv-01985 |

## MOTION FOR ENTRY OF ORDER

Petitioner RIZHAO J&J MANUFACTURING, CO., LTD., respectfully requests this Court to enter an order confirming the Arbitral Award [DOC 1-3], as requested in its Petition [DOC 1] and supporting Memorandum [DOC 1-6]. Respondent has not timely filed any opposition memorandum, and Petitioner is entitled to an order from this Court confirming the Arbitral Award. This Motion is supported by the Memorandum of Points and Authorities below.

MEMORANDUM OF POINTS AND AUTHORITIES.

Petitioner filed its Petition for Confirmation, Recognition, and Enforcement of Foreign Arbitral Award with this Court on December 18, 2019 [DOC 1]. Pursuant to 9 USC §6, the Petition was filed as a motion,[1] and was served on Respondent pursuant to

---

[1] "…[M]otions to enforce arbitral awards should proceed under motions practice, not notice pleading. Indeed, one of the clearest examples of the operation of [9 USC] Section 208 is its making motion practice under [9 USC] Section 6 applicable to proceedings

Federal Rule of Civil Procedure ("FRCP") Rule 5(a)(1)(D) and Rule 5(b)(2)(C) on December 18, 2019. [DOC 1, at p.9].

Additionally, Respondent was personally served with the Petition [DOC 1], Summons [DOC 10], Electronic Filing Notice [DOC 2], and Notice to Counsel and Parties [DOC 3] in accordance with FRCD Rule 4(h)(1)(A) and Rule 4(e)(1). Rule 4(e)(1) allows service of process in accordance with Connecticut law for serving a summons in an action brought in courts of general jurisdiction. In Connecticut, a limited liability company may be served "by handing a copy to the individual in charge of any regular place of business or activity of the company or foreign company if the individual served is not a plaintiff in the action." Conn. Gen. Stat. §34-243r(d). Here, Mellessia Wright, Respondent's accountant and authorized employee, was in charge of Respondent's regular place of business at the time of service, and Ms. Wright received personal service of the Summons and other documents on Friday, January 31, 2020 [DOC 11].

Pursuant to Local Rules of Civil Procedure ("LRCP") Rule 7(a)(2), an opposition memorandum shall be filed within twenty-one days of the filing of the Petition. Thus, Respondent was obligated to file an opposition memorandum, if any, not later than

---

under the New York Convention. Thus, an arbitration award under the Convention may be enforced by filing a petition or application for an order confirming the award supported by an affidavit." *Termorio S.A. E.S.P. v. Electranta S.P.*, 376 U.S. App. D.C. 242, 254, 487 F.3d 928, 940 (2007); *cert. denied*, 552 U.S. 1038, 128 S. Ct. 650, 169 L. Ed. 2d 508 (2007).

Friday, February 21, 2020. FRCP Rule 6(a)(1)(C). As of the date this Motion is submitted, Respondent has not filed any response.

The Court may deem Respondent's failure to timely submit a memorandum in opposition to the Petition as sufficient cause to grant the Petition. LRCP Rule 7(a)(2). The Petition adequately states grounds for confirmation of the Arbitral Award, and no grounds for refusal or deferral of recognition of the award specified in the 1958 Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention") exist. Thus, pursuant to 9 USC §207, "the court *shall* confirm the award" where no such grounds for refusal or deferral exist. (Emphasis added.)

Additionally, pursuant to LRCP Rule 7(a)(4), this Court has discretion to rule on a Motion before the expiration of the period ordinarily permitted for filing opposition papers. Because Petitioner is entitled to the relief sought in its Petition, because no grounds for challenging the Award exist (or have even been alleged), and because the Court may in any case treat Respondent's failure to respond as grounds to grant the Petition under LRCP 7(a)(2), Petitioner respectfully requests this Court to expedite a decision on this Motion for Order Confirming Arbitration Award.

RESPECTFULLY SUBMITTED this 24th day of February, 2020.

/s/ Andrew H. Barbour
Andrew H. Barbour, Esq.
Dist. Court #: CTphv10428
CT Bar Juris No. 428971
Munger, Chadwick & Denker, P.L.C.
333 N. Wilmot Road, Suite 300
Tucson, AZ 85711
520 721-1900 / ahbarbour@mcdplc.com
Attorney for Petitioner

## CERTIFICATE OF SERVICE:

I hereby certify that on February 24, 2020, a copy of the foregoing MOTION FOR ENTRY OF ORDER was served by first class mail to the following parties:

> New England Outdoor & Recreational Products, LLC
> 95 Johnson Street
> Waterbury, CT 06710
>
> New England Outdoor & Recreational Products, LLC
> c/o Tracy Forlini, Statutory Agent
> 13 Wood Street
> West Haven, CT 06516

> Respectfully submitted,
>
> /s/ Andrew H. Barbour
> Andrew H. Barbour, Esq.
> Dist. Court #: CT phv10428
> CT Bar Juris No. 428971
> Munger, Chadwick & Denker, P.L.C.
> 333 N. Wilmot Road, Suite 300
> Tucson, AZ 85711
> 520 721-1900 / ahbarbour@mcdplc.com
> Attorney for Petitioner